HADLEY v RAMAH    *

Docket No. 67775. Submitted July 28, 1983, at Detroit.—Decided May 1, 1984.

Plaintiff, Willie L. Hadley, attempted to file a complaint in the Saginaw Circuit Court against defendant, Peter G. Ramah, alleging legal malpractice. Along with his complaint, plaintiff filed an *ex parte* affidavit of indigency and a motion for waiver of fees and costs, averring that he, a prison inmate, was limited to prison wages which he needed for the maintenance of his personal hygiene. A subsequent motion to proceed in forma pauperis and for appointment of counsel was supported by an affidavit stating that plaintiff had $5 in his prison account and monthly wages of $20. The circuit court, Eugene C. Penzien, J., denied the motion to waive fees and ordered that the filing fees be paid within 90 days from the date of the order, or else plaintiff's complaint would be dismissed without prejudice. When the filing fees were not tendered, the court entered an order dismissing plaintiff's complaint. Plaintiff appealed to the Court of Appeals which granted plaintiff's motion to waive the fees on appeal. Defendant thereafter filed a motion to dismiss plaintiff's appeal on the basis that plaintiff had failed to properly make service of his claim of appeal on the defendant. *Held:*

1. Defendant's motion to dismiss the appeal is denied. Plaintiff's tendering of his complaint to the clerk of the court without the appropriate fees does not constitute a completed filing. Until such time as the filing fees were actually paid or the circuit court waived these fees, an official action had not

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Actions § 86.
    61A Am Jur 2d, Pleading §§ 69 *et seq.,* 350.
[1, 2, 5] 20 Am Jur 2d, Costs § 47 *et seq.*
    21A Am Jur 2d, Criminal Law § 976 *et seq.*
    Determination of indigency of accused entitling him to appointment of counsel. 51 ALR3d 1108.
    Constitutionally protected right of indigent accused to appointment of counsel in state court prosecution. 93 ALR2d 747.
[3] 20 Am Jur 2d, Courts § 86.
[4] 73 Am Jur 2d, Statutes § 22.

been commenced in a manner which obligated the plaintiff to serve defendant with his complaint. GCR 1963, 120 impliedly recognizes the propriety of *ex parte* proceedings until the required fees are actually paid or are waived. Until one of these circumstances occurs, there is simply no lawsuit officially pending to which the potential defendant is entitled to service.

2. The federal constitution does not mandate the waiver of the filing fees in this case.

3. Despite the apparent mandatory nature of GCR 1963, 120.3, where the circuit court knows or has reason to believe that the facts set forth in the *ex parte* affidavit stating facts showing an inability to pay fees and costs because of indigency are untrue the court may hold an evidentiary hearing to determine the financial status of the indigent requesting the fee waiver. However, if an affidavit comporting with the court rule has been filed, any information obtained by the trial court concerning the litigant's financial condition must be sufficient to overcome the presumption of indigency created by the filing of the affidavit.

4. Given the affidavits filed by the plaintiff, the trial court erred in denying the waiver of fees on the documents filed.

5. The case is remanded to the trial court which may, in its discretion, conduct an evidentiary hearing to determine plaintiff's status as an indigent, require a new affidavit from plaintiff which sets forth his current financial status, request an affidavit from appropriate representatives of the Department of Corrections familiar with plaintiff's financial status or adopt some similar procedure to discover plaintiff's true financial state. The trial court may not, however, refuse to waive plaintiff's fees and costs on an assumption which is unsupported by any record evidence.

Remanded.

1. ACTIONS — COMPLAINTS — INDIGENCY — COURT RULES.

   An action is commenced by the filing of a complaint, however, when a litigant submits a complaint accompanied by an affidavit of indigency, the complaint is a pleading "to be filed" and does not constitute a completed filing (GCR 1963, 101, 120.1, 120.3).

2. ACTIONS — INDIGENCY — *EX PARTE* PROCEEDINGS — WAIVER OF FEES AND COSTS — SERVICE OF PROCESS — COURT RULES.

   A litigant claiming indigency may submit an *ex parte* affidavit setting forth facts which show his inability to pay required fees and costs; until the required fees and costs are actually paid or

are waived, *ex parte* proceedings are proper since there is no lawsuit officially pending to which the potential defendant is entitled to service (GCR 1963, 120).

3. Courts — Court Rules — Judicial Construction.

Accepted rules of statutory construction are applicable as aids to discovering and effectuating the intent of the Michigan Supreme Court in its promulgation of a particular court rule.

4. Words and Phrases — Shall.

The term "shall" normally denotes a mandatory duty.

5. Actions — Waiver of Fees and Costs — Indigency — Court Rules.

A General Court Rule provides that the court shall order waiver or suspension of the payment of fees and costs upon the submission of an *ex parte* affidavit stating facts showing an inability to pay fees and costs because of indigency; however, a circuit court may hold an evidentiary hearing to determine the financial status of the indigent requesting a fee waiver where the court knows or has reason to believe that the facts set forth in the affidavit are untrue; the court may not refuse to waive the fees and costs on an assumption which is unsupported by any record evidence and any information obtained by the court concerning the litigant's financial condition must be sufficient to overcome the presumption of indigency created by the filing of the affidavit (GCR 1963, 120.3).

Willie L. Hadley, *in propria persona.*

*Farhat, Story, Panek, Porco & Tyler, P.C.* (by *Chris A. Bergstrom),* for defendant on appeal.

Before: WAHLS, P.J., and HOOD and R. R. LAMB,[*] JJ.

PER CURIAM. Plaintiff appeals from an order entered in the Saginaw County Circuit Court on October 18, 1982, dismissing his complaint without prejudice, for the reason that plaintiff had not tendered the necessary filing fees when he attempted to institute this action.

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff attempted to file his complaint against Mr. Ramah on February 25, 1982. This complaint alleged that Ramah's ineffective assistance of counsel (legal malpractice) had caused plaintiff to be wrongfully convicted and incarcerated for crimes which he had not committed. Along with this complaint, plaintiff filed an *ex parte* affidavit of indigency and a motion for waiver of fees and costs, averring that he was limited to prison wages through his institutional assignment, which wages he needed for the maintenance of his personal hygiene.[1]

The Saginaw County Circuit Court judges disqualified themselves because of Mr. Ramah's membership in the Saginaw County Bar Association and active practice in Saginaw County. Consequently, this matter was reassigned to a visiting judge from Bay County. On June 1, 1982, the visiting judge denied the motion to waive fees. The trial court further ordered that the filing fees be paid within 90 days from the date of the order, or else plaintiff's complaint would be dismissed without prejudice. When the filing fees were not tendered, the court entered an order on October 18, 1982, dismissing plaintiff's complaint.

Plaintiff then claimed an appeal to this Court. On November 5, 1982, plaintiff filed a motion in this Court to waive the fees on appeal. This motion was granted on December 7, 1982.

On September 2, 1983, Mr. Ramah filed a motion to dismiss plaintiff's appeal on the basis that plaintiff had failed to make service of his claim of appeal in accord with GCR 1963, 804.1(1)(c). Apparently the claim of appeal was sent to Ramah's

---

[1] A second motion to proceed in forma pauperis and for appointment of counsel was later filed. This motion was supported by a second affidavit, stating that plaintiff had some $5 in his prison account and monthly wages of approximately $20.

former business address and he avers, in an affidavit filed in this Court, that the claim of appeal was never received. In his answer to the motion to dismiss, plaintiff admitted sending the appellate documents to Ramah's old business address, asserting that this was the last known address of Mr. Ramah.

I

We first consider whether Mr. Ramah's motion to dismiss should be granted. Ramah concedes that GCR 1963, 804.1(2) and 107.3 allow a party to make effective service by mailing the applicable documents to the last known address of the attorney representing the opposition. He contends, however, that, because original service of the complaint and summons was never made, GCR 1963, 107.2 precluded service by mail of the appellate documents. While Ramah's interpretation of the court rules may well be correct as a general proposition, we do not believe it controls this dispute.

Although plaintiff sent his complaint to the Saginaw County Circuit Court clerk and the clerk began a lower court file for this matter, until such time as the filing fees were actually paid or the circuit court waived these fees, we do not believe that an official action had been commenced such that plaintiff was obligated to serve Mr. Ramah with his complaint. GCR 1963, 101 provides that an action is commenced by the filing of a complaint. However, GCR 1963, 120.1 recognizes that, when a litigant submits a complaint accompanied by an affidavit of indigency, the complaint is a pleading "to be filed". The mere tendering of the complaint to the clerk of the court without the

appropriate fees does not constitute a completed "filing".

GCR 1963, 120.3 specifically provides that a litigant claiming indigency may submit an *ex parte* affidavit setting forth facts which show his inability to pay required fees and costs. Given this fact, we believe that GCR 1963, 120 impliedly recognizes the propriety of *ex parte* proceedings until the required fees are actually paid or are waived. Until one of these occurs, there is simply no lawsuit officially pending to which the potential defendant is entitled to service. GCR 1963, 804.1(1)(c) requires a claim of appeal to be served upon "all other nondefaulted parties to the cause or their attorneys of record". Here, however, Mr. Ramah is accurately characterized as a tentative or potential defendant or party. Until plaintiff's complaint was officially accepted for future judicial proceedings, service of the complaint was not required.

Our holding does not prejudice the rights of Mr. Ramah or similarly situated persons. In the event that the lower court had waived the filing fees, plaintiff would have been required to effect service in accordance with the court rules. Assuming the official acceptance of plaintiff's complaint for further proceedings, Mr. Ramah would not have been deprived of any of the procedural or substantive defenses available to any other defendant in an action in which the filing fees have been paid.

The motion to dismiss is denied.

II

We now turn to the merits of plaintiff's appeal. We reject plaintiff's claim that the federal constitution mandates the waiver of the filing fees in

this case.[2] While indigent prisoners are guaranteed access to the courts, and this guarantee requires the waiver of filing fees in criminal appeals and petitions for habeas corpus relief, *Burns v Ohio,* 360 US 252, 257; 79 S Ct 1164; 3 L Ed 2d 1209 (1959), the United States Supreme Court has not extended this right of court access to include all civil litigation.

In *Boddie v Connecticut,* 401 US 371; 91 S Ct 780; 28 L Ed 2d 113 (1971), heavily relied upon by plaintiff, the Supreme Court held that when a suit involves a fundamental right and the state maintains a monopoly over the settlement of the dispute involving that right, an indigent's inability to pay a filing fee cannot be the basis of depriving him of the opportunity to settle the dispute involving the right. *Boddie* was a class action suit brought on behalf of indigent women desirous of dissolving their marriages. Subsequent Supreme Court decisions reveal that *Boddie* has a narrow scope. See, *e.g., United States v Kras,* 409 US 434; 93 S Ct 631; 34 L Ed 2d 626 (1973) (federal constitution does not require waiver of indigent's fees to file a bankruptcy petition); *Ortwein v Schwab,* 410 US 656; 93 S Ct 1172; 35 L Ed 2d 572 (1973) (no federal constitutional right to waiver of required filing fee for applications made to appellate courts to obtain review of decisions of administrative agencies).

The Supreme Court of Michigan, however, by promulgating GCR 1963, 120, has extended an indigent's right to the waiver of fees beyond what is required by the federal constitution. GCR 1963, 120.3, the rule which plaintiff relies on, provides:

---

[2] We do not address whether any provision of the Michigan Constitution requires such a waiver as the issue has not been raised or briefed.

"In instances where the person is not receiving public assistance, the court shall order waiver of the payment of all fees and costs as to a person in the action, required to be paid by law or court rule, or shall order the suspension of the payment of those fees or costs until the conclusion of the litigation upon that person submitting to a judge of the court an *ex parte* affidavit stating facts showing that person's inability to pay those fees and costs because of indigency."

The accepted rules of statutory construction have been held to be applicable as aids to discovering and effectuating the intent of the Supreme Court in its promulgation of a particular rule. *Greek v Bassett,* 112 Mich App 556, 565; 316 NW2d 489 (1982), *lv den* 414 Mich 961 (1982), and cases cited therein. GCR 1963, 120.3 states that the court *shall* order waiver or suspension of the payment of fees and costs, upon the submission of an *ex parte* affidavit stating facts showing an inability to pay fees and costs because of indigency. The term "shall" normally denotes a mandatory duty. *State Highway Comm v Vanderkloot,* 392 Mich 159, 180; 220 NW2d 416 (1974); *McGrath v Clark,* 89 Mich App 194, 197; 280 NW2d 480 (1979).

In light of the foregoing, GCR 1963, 120.3 seemingly requires the trial court to waive fees and costs if the litigant seeking the waiver submits an affidavit setting forth his inability to pay the fees and costs due to indigency. In dictum, this Court, in *Bachor v Detroit,* 49 Mich App 507, 513; 212 NW2d 302 (1973), also construed GCR 1963, 120.3 as mandating the waiver of fees and costs upon the filing of the required affidavit. Despite the apparent mandatory nature of the court rule, however, we do not believe that, where the circuit court knows or has reason to believe that the facts

set forth in the affidavit are untrue, the court has no discretion to do anything other than order the requested waiver of fees and costs. Some limitation on the apparent mandatory duty under GCR 1963, 120.3 is suggested by the Michigan Supreme Court's order in *Jordan v Dep't of Corrections,* 412 Mich 939; 315 NW2d 862 (1982).[3] In *Jordan,* this Court had refused to waive fees and dismissed plaintiff's appeal. In rendering its decision, this Court relied on information which tended to show that plaintiff was not indigent as late as in October, 1980, in determining that he was not indigent in April, 1981. The Supreme Court held that, merely because plaintiff was not indigent in October, 1980, did not establish that he was not indigent in April, 1981. The Supreme Court remanded the matter to this Court and specifically stated that defendant could provide the Court with information that plaintiff was not presently indigent. Thus, we believe that the *Jordan* order suggests that a circuit court may hold an evidentiary hearing to determine the financial status of the indigent requesting a fee waiver. However, if an affidavit of indigency comporting with GCR 1963, 120.3 has been filed, any information obtained by the trial court concerning the litigant's financial condition must be sufficient to overcome the presumption of indigency created by the filing of the affidavit.

---

[3] This order provides:

"Leave to appeal considered February 19, 1982 and, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we vacate the orders of the Court of Appeals which denied plaintiff's motion to waive fees and dismissed plaintiff's appeal, and remand the case to the Court of Appeals for further consideration. Under the circumstances, information which showed plaintiff may not have been indigent in May or October, 1980, was insufficient in itself to overcome plaintiff's affidavits relating to his indigency in April, 1981. GCR 1963, 120.3. On remand, the defendant may provide the Court with information indicating that plaintiff is not presently indigent. GCR 1963, 120.6. We retain no jurisdiction."

In this case, two affidavits relating to plaintiff's indigency were filed before the court's ruling which denied the requested fee waiver. Plaintiff's first affidavit stated: (1) that he was a prisoner at Marquette Prison, (2) that his "only wages are the prison wages of his institutional assignment", which wages he needed "for the maintenance of his personal hygiene", and (3) that he had insufficient funds to pay the costs and fees necessary to commence and pursue his lawsuit. Plaintiff's second affidavit[4] specifically represented that he had only some $5 in his prison account and no income other than the wages from his prison job of approximately $20 per month.

Given plaintiff's affidavits, we conclude that the trial court erred in denying the waiver of fees on the document filed. The court assumed that plaintiff had no need of income because he was a prisoner[5] and, therefore, concluded that his prison wages could be used to "pay the minimal filing and service fees". However, this assumption conflicts with plaintiff's affidavit, and the trial court's order fails to reveal that any investigation was conducted to obtain information supporting its assumption. Thus, we remand this matter to the trial court for further proceedings. The court may, in its discretion, conduct an evidentiary hearing to determine plaintiff's status as an indigent, require a new affidavit from plaintiff which sets forth his current financial status, request an affidavit from appropriate representatives of the Department of

[4] Although the second affidavit was dated-stamped June 11, 1982, it was referred to in one of the court's orders denying the waiver of fees, which order was date-stamped June 4, 1982. A typewritten date of May 24, 1982, appears on this second affidavit.

[5] One of the court's orders denying the fee waiver stated that because plaintiff was a prisoner "his basic needs should be taken care of without resort to his earned income".

Corrections familiar with plaintiff's financial status or adopt some similar procedure to discover plaintiff's true financial state. The trial court may not, however, refuse to waive plaintiff's fees and costs on an assumption which is unsupported by any record evidence.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.