SEATON-EL v DEPARTMENT OF CORRECTIONS

Docket No. 118564. Submitted June 5, 1990, at Lansing. Decided July 2, 1990. Leave to appeal applied for.

Parnell Seaton-El petitioned the Ingham Circuit Court for judicial review of a Department of Corrections decision finding him guilty of major misconduct while an inmate. The court, Carolyn Stell, J., dismissed the petition for failure to exhaust his administrative remedies by receiving a decision on rehearing prior to filing the action in circuit court. Petitioner appealed.

The Court of Appeals *held:*

The trial court properly dismissed the petition. By statute, a prisoner must file a motion for rehearing and receive a response on his motion prior to seeking review in circuit court.

Affirmed.

PRISONS AND PRISONERS — ADMINISTRATIVE REMEDIES — EXHAUSTION OF REMEDIES.

A prisoner aggrieved by a final decision or order of a hearings officer must file a motion or application for rehearing and receive a response to his motion prior to seeking judicial review in circuit court (MCL 791.255; MSA 28.2320[55]).

Parnell Seaton-El, in propria persona.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Barbara A. Schmidt,* Assistant Attorney General, for respondent.

Before: SAWYER, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

SAWYER, P.J. Petitioner, who at the relevant time was an inmate incarcerated at the State

REFERENCES
Am Jur 2d, Penal and Correctional Institutions § 121.
See the Index to Annotations under Exhaustion of Remedies; Prisons and Prisoners.

Prison of Southern Michigan at Jackson, was cited for a major misconduct for engaging in threatening behavior. Petitioner was found guilty of the major misconduct at a hearing held on October 24, 1988. On November 3, 1988, he filed a request for rehearing with respondent's hearing division. Thereafter, without receiving a response on the rehearing request, he filed a petition for judicial review in the circuit court on November 8, 1988. The trial court dismissed the action because petitioner had failed to exhaust his administrative remedies by receiving a decision on rehearing prior to filing the action in circuit court. Petitioner now appeals and we affirm.

MCL 791.255; MSA 28.2320(55) provides in pertinent part as follows:

> (1) A prisoner aggrieved by a final decision or order of a hearings officer shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order.
>
> (2) Within 60 days after the date of delivery or mailing of notice of the decision on the motion or application for the rehearing, if the motion or application is denied or within 60 days after the decision of the department or hearing officer on the rehearing, a prisoner aggrieved by a final decision or order may file an application for direct review in the circuit court in the county where the petitioner resides or in the circuit court for Ingham county.

This statutory provision clearly provides that a prisoner, prior to seeking review in circuit court, must file a motion for rehearing and that judicial review must be sought within sixty days after the date of delivery or mailing of the notice of the decision on the motion for rehearing. Accordingly, since petitioner had not yet received a response to

his motion for rehearing, his action in circuit court seeking judicial review of the major misconduct hearing was premature. Therefore, the circuit court properly dismissed the petition.

Affirmed.