Ex parte John Wayne RICE, Petitioner.

(415 S.E. (2d) 819)

Supreme Court

March 25, 1992.

ORDER

Petitioner is a prisoner incarcerated in South Carolina who has been trying unsuccessfully for four years to proceed *in forma pauperis* and *pro se* to obtain a divorce. On February 4, 1992, this Court issued an order stating that if petitioner established he was indigent, the family court had to allow him to proceed without payment of costs and had to allow him to represent himself in any marital litigation. Petitioner has once again been denied leave to proceed *in forma pauperis*. Petitioner's financial declaration shows that he has total monthly income of $36.50 and expenses of $35.00; nonetheless, the family court judge concluded petitioner is not indigent.

The judge's order states:

> This applicant is fully supported by the hard-working, law-abiding, tax-paying citizens of South Carolina who also provide him with some income. All of his basic needs are met by the tax-payers, so he can use his income to pay the filing fee. According to his financial declaration his income exceeds his expenses, and his claimed expenses are partially for non-essential items.

The filing fee for a divorce is $55 and it costs $15 for service of process by the sheriff's department and it would take petitioner almost four years to save that amount of money. In our opinion, petitioner is clearly being denied due process by the family court's refusal to allow him to proceed without payment of costs. *See Boddie v. Connecticut,* 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. (2d) 113 (1971). *See also Adkins v. E.I. DuPont DeNemours and Company,* 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948); *In re Smith,* 600 F. (2d) 714 (8th Cir. 1979); *Hadley v. Ramah,* 134 Mich. App. 380, 351 N.W. (2d) 305 (1984).

This matter is remanded to the family court with instructions that petitioner be allowed to proceed without costs.

It is so ordered.