Per Curiam.
 

 Petitioner appeals by leave granted a circuit court order dismissing his application for judicial review of a prison misconduct decision. We reverse and remand to the circuit court for consideration of the petition.
 

 At an administrative hearing on March 30, 1999, a Department of Corrections (doc) hearing officer found that petitioner committed a major misconduct violation. On April 15, 1999, petitioner filed a request for rehearing, which was denied on June 8, 1999. Pursuant to MCL 791.255(2), on or about August 2, 1999,
 
 [1]
 
 the circuit court received petitioner’s application for direct review, motion to waive fees and costs with an affidavit of indigency, and a certificate of petitioner’s institutional account activity. An order entered by the court on August 2, 1999, suspended the filing of the petition, ordered petitioner to pay an initial filing fee of $13.47, and ordered petitioner to resubmit all documents relating to the petition, with the partial filing fee, within twenty-one days of the date of the order. On August 18, 1999, the circuit court docketed the matter. On November 12, 1999, the circuit court dismissed the petition for judicial review for lack of
 
 *630
 
 jurisdiction, holding that petitioner filed his petition on August 18, 1999, exceeding the sixty-day filing requirement of MCL 791.255(2).
 

 On appeal, petitioner argues that the circuit court improperly dismissed his application for judicial review because the petition was timely. We agree. Issues of statutory interpretation are questions of law considered de novo on appeal.
 
 Oakland Co Bd of Co Rd Comm’rs v Michigan Property & Casualty Guaranty Ass’n,
 
 456 Mich 590, 610; 575 NW2d 751 (1998).
 

 Pursuant to MCL 791.255(2), prisoners may seek judicial review of an adverse decision of the DOC or a hearing officer in the following manner:
 

 Within 60 days after the date of delivery or mailing of notice of the decision on the motion or application for the rehearing, if the motion or application is denied or within 60 days after the decision of the department or hearing officer on the rehearing, a prisoner aggrieved by a final decision or order may file an application for direct review in the circuit court in the county where the petitioner resides or in the circuit court for Ingham county.
 

 Prisoners are not prevented from filing their application for review as a consequence of indigency, MCR 2.002, nor are they relieved from paying filing fees; instead, MCL 600.2963(1) provides:
 

 If a prisoner under the jurisdiction of the department of corrections submits for filing a civil action as plaintiff in a court of this state or submits for filing an appeal in a civil action in a court of this state and states that he or she is indigent and therefore is unable to pay the filing fee and costs required by law, the prisoner making the claim of indigency shall submit to the court a certified copy of his or her institutional account, showing the current balance in the account and a 12-month history of deposits and withdrawals for the account. The court then shall order the pris
 
 *631
 
 oner to pay fees and costs as provided in this section. The court shall suspend the filing of the civil action or appeal until the filing fee or initial partial filing fee ordered under subsection (2) or (3) is received by the court. If the court orders that a prisoner pay a filing fee or partial filing fee, all documents submitted by the prisoner that relate to that action or appeal shall be returned to the prisoner by the court along with 2 certified copies of the court order. An additional certified copy of the court order shall be sent to the department of corrections facility where the prisoner is housed. The prisoner then shall, within 21 days after the date of the court order, resubmit to the court all documents relating to the action or appeal, accompanied by the required filing fee or partial filing fee and 1 certified copy of the court order. If the filing fee or initial partial filing fee is not received within 21 days after the day on which it was ordered, the court shall not file that action or appeal, and shall return to the plaintiff all documents submitted by the plaintiff that relate to that action or appeal.
 

 The issue in this case is whether a prisoner’s application for direct review is timely if it was submitted to the circuit court, with a claim of indigency under MCL 600.2963(1), within the sixty-day limitation period of MCL 791.255(2), and, then, resubmitted with the required filing fee and documents, in conformity with a circuit court order and within the twenty-one-day requirement of MCL 600.2963(1). We answer the question affirmatively.
 

 The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. This Court first looks to the specific language of the statute to discern the Legislature’s intent.
 
 Charboneau v Beverly Enterprises, Inc,
 
 244 Mich App 33, 40; 625 NW2d 75 (2000). If the plain and ordinary meaning of statutory language is clear, judicial construction is generally neither necessary nor per
 
 *632
 
 mitted.
 
 Ypsilanti Housing Comm v O’Day,
 
 240 Mich App 621, 624; 618 NW2d 18 (2000). However, statutes should be construed so as to prevent absurd results or injustice. See
 
 Travelers Ins v U-Haul of Michigan, Inc,
 
 235 Mich App 273, 279; 597 NW2d 235 (1999).
 

 This case requires us to reconcile MCL 791.255(2) with MCL 600.2963(1). Specifically, MCL 791.255(2) grants a prisoner sixty days, following a request for rehearing, in which to seek judicial review of a final decision or order of the doc or a hearing officer. The statute prescribes that the prisoner “may file an application for direct review” in the circuit court. MCL 791.255(2). At the time the application is submitted, either the filing fee or a claim of indigency must also be submitted to the circuit court. See MCL 600.2529, 600.2963(1). If the application for direct review and the filing fee are submitted to the circuit court within the sixty-day time limit, the matter is docketed.
 

 However, if the application is submitted to the circuit court with a claim of indigency within the sixty-day time limit of MCL 791.255(2), the matter is
 
 not
 
 docketed. Instead, MCL 600.2963(1) requires that the circuit court determine, after review of the prisoner’s institutional account, the fee to be paid before the court may file the action, which is either the full amount or an initial partial amount coupled with a schedule of subsequent monthly payments. MCL 600.2963(2), (3), (5). Consequently, the following issue arises: Is the application for direct review
 
 filed,
 
 within the contemplation of MCL 791.255(2), when it is submitted to the circuit court with either the filing fee or a claim of indigency or is the application
 
 filed
 
 when it is docketed by the court clerk, which in the case of a claim of indigency is after receipt of the
 
 *633
 
 ordered fee? We hold that an application for direct review is filed for purposes of MCL 791.255(2) when it is submitted to, and received by, the circuit court for filing with either the filing fee or a claim of indigency within the sixty-day time limitation imposed by the statute.
 

 Respondent, relying on
 
 Hadley v
 
 Ramah, 134 Mich App 380, 384-385; 351 NW2d 305 (1984), argues that an application for review under MCL 791.255(2) is not considered filed until the filing fees are paid. However,
 
 Hadley
 
 is distinguishable. In that case, the plaintiff attempted to file a civil complaint without the required filing fee but with a motion to waive fees because of indigency.
 
 Hadley, supra
 
 at 383. The circuit court denied the motion to waive fees and ordered the plaintiff to pay the filing fees within ninety days from the date of the order.
 
 Id.
 
 The plaintiff failed to pay the filing fees and the complaint was dismissed.
 
 Id.
 
 The plaintiff then filed an appeal and the defendant filed a motion to dismiss the appeal on the basis that he was not served the claim of appeal or the complaint and summons.
 
 Id.
 
 at 383-384. This Court held that the defendant was not entitled to service of the complaint because, until the plaintiff paid the filing fees to the circuit court or such fees were waived, an official action had not been commenced.
 
 Id.
 
 at 384. This Court further held that “[t]he mere tendering of the complaint to the clerk of the court without the appropriate fees does not constitute a completed ‘filing.’ ”
 
 Id.
 
 at 384-385.
 

 In the instant case, this Court is not faced with the issue whether a potential defendant was required to be served with a complaint before the plaintiff had a right to appeal its dismissal. Further, we need not
 
 *634
 
 determine whether and when an action was “commenced,” as opposed to “filed.” In fact, we agree with the
 
 Hadley
 
 Court that the filing of an action in the circuit court without the required filing fees does not constitute a
 
 completed
 
 filing. However, for purposes of MCL 791.255(2), an application for direct review submitted with a claim of indigency to the circuit court within the sixty-day time limitation does constitute a filing sufficient to satisfy the requirement of the statute.
 

 Further, our construction of the term “file” as used in MCL 791.255(2) is consistent with our Supreme Court’s definition of the word “filed.” In
 
 People v Madigan,
 
 223 Mich 86, 89; 193 NW 806 (1923), our Supreme Court held:
 

 It is a well recognized general rule that a paper or document is filed, so far as the rights of the parties are concerned, when it is delivered to and received by the proper officer to be kept on file, and the indorsement of the officer with whom it is filed is but evidence of the time of filing.
 

 In this case, contrary to the situation in
 
 Walker-Bey v Dep’t of Corrections,
 
 222 Mich App 605, 606; 564 NW2d 171 (1997), cited by respondent, it is undisputed that petitioner’s application for direct review was delivered to and received by the circuit court within the sixty-day time limitation imposed by MCL 791.255(2). Here, however, the action was not docketed because it was accompanied by a claim of indigency instead of the filing fee. We refuse to deny an indigent prisoner the full effect of the sixty-day period to apply for judicial review provided by MCL 791.255(2) because of an inability to submit the filing fee within that period.
 

 
 *635
 
 Nevertheless, we conclude that the operation of MCL 600.2963 does affect a prisoner’s application for direct review under MCL 791.255(2) if the prisoner fails to comply with the court order issued pursuant to MCL 600.2963 within twenty-one days of its issuance. MCL 600.2963 mandates that indigent prisoners pursuing a civil action or appeal pay filing fees to the circuit court, which is consistent with MCL 600.2529. See, e.g.,
 
 Ellis v Dep’t of Corrections,
 
 613 NW2d 718 (Mich, 2000);
 
 Schenvisky v Dep’t of Corrections,
 
 613 NW2d 718 (Mich, 2000). Consequently, the court’s discretion regarding the claim of indigency is limited to whether the prisoner must pay the filing fee in full immediately, in part, over a period, or at a later time. See MCL 600.2963(2), (3), (5), and (7).
 

 To permit the court time to exercise its discretion and establish a reasonable time for compliance with the court’s order, MCL 600.2963(1) provides that, upon receipt of the prisoner’s claim of indigency and institutional account, “the court shall suspend the filing of the civil action or appeal until the filing fee or initial partial filing fee ordered under subsection (2) or (3) is received by the court” and “[i]f the filing fee or partial filing fee is not received within 21 days after the day on which it was ordered, the court shall not file that action or appeal, and shall return to the plaintiff all documents submitted by the plaintiff that relate to that action or appeal.” Accordingly, even if the requirements of MCL 791.255(2) were met and the application for direct review and claim of indigency were timely, if the prisoner fails to abide by the circuit court’s order regarding the payment of filing fees, the circuit court will not and cannot file the action.
 

 
 *636
 
 In sum, an application for direct review submitted with a claim of indigency is timely if submitted within the sixty-day limitation period of MCL 791.255(2), just as an application submitted with the filing fee within the sixty-day limitation period would be timely. However, if the prisoner fails to abide by the circuit court order regarding the payment of a filing fee within the twenty-one day time limit, the action will not be filed by the circuit court.
 

 In this case, the circuit court received petitioner’s application for judicial review and claim of indigency on or about August 2, 1999, within the sixty-day time limitation imposed by MCL 791.255(2). On that date, the circuit court entered an order suspending the filing of the action and ordered petitioner to pay an initial partial filing fee and resubmit the documents within twenty-one days, or by August 23, 1999. See MCR 1.108. The circuit court docketed the matter on August 18, 1999, apparently after receiving petitioner’s filing fee and documents, within the twenty-one-day time limitation of MCL 600.2963(1) and in conformity with the court’s order. Accordingly, petitioner’s application for judicial review was timely and the circuit court was permitted to file the action. Therefore, the circuit court improperly dismissed petitioner’s application for direct review.
 

 Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 The docketing statement from the circuit court indicates, under the “comments” section, “original filed 073099.”