2004 ND 135

**Paul GARTNER, Petitioner and Appellant**

v.

**JOB SERVICE NORTH DAKOTA, Respondent and Appellee.**

**No. 20040038.**

Supreme Court of North Dakota.

June 30, 2004.

MARING, Justice.

[¶ 1] Paul Gartner appeals from a judgment affirming an order by Job Service North Dakota which denied him unemployment benefits while he was enrolled at and attending the North Dakota State College of Science. We hold Job Service's finding there was reasonable and suitable employment available to Gartner when he voluntarily left his seasonal employment to attend college is supported by a preponderance of the evidence. We affirm.

I

[¶ 2] Gartner had been employed for five years as a seasonal employee installing lawn sprinklers when he decided to enroll in a program for small engine repair at the North Dakota State College of Science. According to Gartner, the season for installing lawn sprinklers normally runs from the middle to the end of April until freeze up in October, and he typically received unemployment benefits when he was not installing lawn sprinklers. Gartner left his job installing lawn sprinklers at the end of August 2002 to attend school. While attending school, Gartner also began working as a full-time production welder, but he was dismissed from that job on October 1, 2002. Thereafter, on October 7, 2002, while he was enrolled in school, Gartner applied for unemployment benefits. Job Service denied Gartner's request for benefits because he was attending school and failed to meet the necessary requirements for an approved training program under N.D. Admin. Code § 27–03–08–04(1). The district court affirmed Job Service's decision.

II

[¶ 3] When an administrative agency decision is appealed from the district court to this Court, we review the agency's decision and the record compiled

Bradley D. Peterson (argued) and Thomas M. Jackson (appeared), Legal Services of N.D., Bismarck, N.D., for petitioner and appellant.

Kevin McCabe, Assistant Attorney General, Attorney General's Office, Bismarck, N.D., for respondent and appellee.

before the agency, rather than the decision of the district court, although the district court's analysis is entitled to respect if its reasoning is sound. *Baier v. Job Service North Dakota*, 2004 ND 27, ¶ 6, 673 N.W.2d 923. Under N.D.C.C. §§ 28–32–46 and 28–32–49, we affirm an agency's decision if (1) its findings of fact sufficiently address the evidence presented by the claimant and are supported by a preponderance of the evidence, (2) its conclusions of law and order are supported by its findings of fact, (3) its decision is supported by its conclusions of law, (4) its decision is in accordance with the law and does not violate the claimant's constitutional rights, (5) its rules or procedures have not deprived the appellant of a fair hearing, (6) its conclusions of law and order sufficiently explain its rationale for not adopting any contrary recommendation by an administrative law judge, and (7) the provisions of N.D.C.C. ch. 28–32 have been complied with in proceedings before the agency. *Baier*, at ¶ 6. In reviewing an agency's findings of fact, we do not make independent findings of fact or substitute our judgment for that of the agency; rather, we determine whether a reasoning mind could have reasonably determined the agency's factual conclusions were supported by the weight of the evidence. *North Dakota Dept. of Human Servs. v. Ryan*, 2003 ND 196, ¶ 8, 672 N.W.2d 649.

### III

[¶ 4] Under N.D.C.C. § 52–06–02(6), an individual may not receive unemployment benefits if the "individual is a student registered for full attendance at and is regularly attending an established school, college, or university, except as provided in subdivision a of subsection 3 of section 52–06–01." Section 52–06–01(3)(a), N.D.C.C., provides that an unemployed individual is eligible for benefits if the individual is able to work and is available for suitable work and actively seeking work, provided "[t]hat notwithstanding any other provisions in this section, no otherwise eligible individual may be denied benefits for any week because the individual is in training with the approval of the Bureau by reason of the application of provisions of this subsection relating to availability for work and to active search for work."

[¶ 5] Chapter 27–03–08, N.D. Admin. Code, "governs the administration of the North Dakota Unemployment Compensation Law as it relates to payment of benefits to persons in approved training." N.D. Admin. Code § 27–03–08–01. Under N.D. Admin. Code § 27–03–08–04, approval of a training or retraining program requires:

1. Reasonable and suitable work opportunities for which the individual is fitted by training, experience, and physical capabilities do not exist in the individual's locality.

2. The training course is commensurate with the individual's abilities and is designed to prepare the individual for available employment.

3. The training is conducted by an agency, educational institution, or employing unit which has been approved for such training by the bureau in consultation with the state department of vocational education, when necessary, to conduct training programs.

4. The training is vocational in nature or short-term academic training vocationally directed to an occupation or skill for which there are, or are expected to be, reasonable work opportunities available to the individual.

[¶ 6] Gartner argues he is entitled to unemployment benefits under the retraining exception in N.D. Admin. Code

§ 27–03–08–04. He claims seasonal employment installing lawn sprinklers is unavailable in North Dakota from October until April, and he is entitled to unemployment benefits while he is enrolled in the vocational training program at the North Dakota State College of Science. Gartner argues Job Service's decision is not in accordance with the law, because N.D.C.C. § 52–06–01(3)(a) and N.D. Admin. Code § 27–03–08–04(1) allow an unskilled worker who is otherwise entitled to unemployment benefits to acquire a skill during periods of unemployment without a loss of benefits regardless of the existence of other unskilled employment opportunities.

[¶ 7] We construe related statutory provisions and administrative regulations together to harmonize and give meaning to each provision. *See Ryan*, 2003 ND 196, ¶ 11, 672 N.W.2d 649. Under the plain language of N.D.C.C. § 52–06–02(6), except as provided in the retraining exception, an individual may not receive unemployment benefits if the individual is a student registered for full attendance at and is attending an established college. When that plain language is construed together with the plain language in the retraining exception in N.D.C.C. § 52–06–01(3)(a) and N.D. Admin.Code § 27–03–08–04, those provisions do not permit an unskilled, unemployed worker to receive unemployment benefits while attending college regardless of other unskilled employment opportunities. We conclude the plain language of our unemployment compensation law reflects a policy determination that unskilled, unemployed workers are not entitled to unemployment benefits while enrolled at and attending college regardless of other unskilled employment opportunities. Any change in the policy reflected by the plain language of our law is best directed to the Legislature.

[¶ 8] Gartner argues Job Service's finding that there were reasonable and suitable work opportunities for which he was qualified in his locality is not supported by a preponderance of the evidence.

[¶ 9] Job Service found Gartner was not entitled to unemployment benefits because reasonable and suitable work opportunities for which he was fitted by training, experience, and physical capabilities existed in his locality:

The intent of the payment of job insurance benefits is to provide a means of income to those individuals who are unemployed through no fault of their own. The exception that was established for vocational training programs was devised to extend training opportunities to otherwise unemployable individuals. There is no indication the exception was intended to invite all insured workers to enhance their employability by leaving their employment to acquire academic degrees. To do so would signify only another form of scholarship program. The facts of this case show that the claimant left his full-time seasonal employment to attend school. Although seasonal in nature, the claimant has deemed this employment suitable by returning to work for the past five years prior to attending school. The suitability of the employment is further evidenced by the fact that the claimant has returned to this employment during the 2003 summer recess. Thus, the record does not establish that there are not reasonable and suitable work opportunities, albeit seasonal in nature, for which the claimant is fitted by his training, experience, and physical capabilities.

Additionally, it has not been established that the claimant is largely unemployable and thus fits within the class of individuals for which an application to receive benefits while enrolled in a train-

ing program is intended. Stated another way, the claimant has not established that, but for the training program, he is without a supportive means of employment opportunities.

[¶ 10] Job Service found there was suitable employment available to Gartner when he voluntarily decided to quit his seasonal job in August 2002 to attend school. There was evidence Gartner quit working as a lawn sprinkler installer during the installation season when there was suitable work available. There was also evidence Gartner returned to his seasonal job installing lawn sprinklers in the spring of 2003. The evidence establishes Gartner did not meet all the requirements necessary to receive benefits while enrolled in a vocational training school. We conclude a reasoning mind could reasonably conclude, as Job Service did, that reasonable and suitable work opportunities existed for Gartner in his locality and for which he was suited by training, experience, and physical capabilities. We therefore conclude Job Service's findings are supported by a preponderance of the evidence and support its conclusion that Gartner was not entitled to unemployment benefits while he was enrolled at and attending the North Dakota State College of Science.

### IV

[¶ 11] We affirm the judgment affirming Job Service's order.

[¶ 12] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.