# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN R. WOLFE,

Petitioner-Appellant,

v

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

UNPUBLISHED
December 10, 2015

No. 322823
Ionia Circuit Court
LC No. 2013-030276-AA

Before: OWENS, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Petitioner, an inmate in the custody of respondent, the Department of Corrections, appeals by leave granted the trial court's July 2, 2014 order.[1] This order denied petitioner's appeal of the July 27, 2013 decision of a hearings officer that found petitioner guilty of a charge of incite to riot or strike, rioting or striking. We vacate the trial court's July 2, 2014 order and remand for dismissal of petitioner's petition for review.

In response to petitioner's argument that this Court should reverse the trial court's order and set aside the decision of the hearings officer because his due process rights were violated, respondent argues that the trial court lacked subject-matter jurisdiction over the petition for review where the petition was not timely filed. Because respondent raised this issue before the trial court, even though the trial court did not address it, it is preserved. See *Klooster v Charlevoix*, 488 Mich 289, 310; 795 NW2d 578 (2011). Regardless, a challenge to the trial court's subject-matter jurisdiction may be raised at any time, even if for the first time on appeal. *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996). The issue whether a trial court has subject-matter jurisdiction is a question of law that is reviewed de novo. *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 559; 840 NW2d 375 (2013).

MCL 791.255 provides, in pertinent part:

---

[1] *Wolfe v Dep't of Corrections*, unpublished order of the Court of Appeals, entered February 23, 2015 (Docket No. 322823).

-1-

(1) A prisoner aggrieved by a final decision or order of a hearings officer shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order.

(2) Within 60 days after the date of delivery or mailing of notice of the decision on the motion or application for the rehearing, if the motion or application is denied or within 60 days after the decision of the department or hearing[s] officer on the rehearing, a prisoner aggrieved by a final decision or order may file an application for direct review in the circuit court in the county where the petitioner resides or in the circuit court for Ingham County.

"This statutory provision clearly provides that a prisoner, prior to seeking review in circuit court, must file a motion for rehearing and that judicial review must be sought within sixty days after the date of delivery or mailing of the notice of the decision on the motion for rehearing." *Seaton-El v Dep't of Corrections*, 184 Mich App 454, 455; 458 NW2d 910 (1990). "[A]n application for direct review is filed for purposes of MCL 791.255(2) when it is submitted to, and received by, the circuit court for filing with either the filing fee or a claim of indigency [under MCL 600.2963(1)] within the sixty-day time limitation imposed by statute." *Keenan v Dep't of Corrections*, 250 Mich App 628, 633; 649 NW2d 133 (2002).

Petitioner requested a rehearing of the hearings officer's decision. The decision to deny petitioner's request for rehearing was mailed on September 30, 2013. MCR 1.108(1) provides how to compute a period of time:

The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

Sixty days from September 30, 2013, was November 29, 2013, which was the Friday after Thanksgiving. The Friday after Thanksgiving is a court holiday. See MCR 8.110(D)(2)(a). Accordingly, the last day of the 60-day period for petitioner to file his petition for review was Monday, December 2, 2013. However, petitioner did not file his petition for review until December 6, 2013. The untimely filing of the petition for review deprived the trial court of jurisdiction to hear petitioner's appeal of the hearings officer's decision. See *Davis v Dep't of Corrections*, 251 Mich App 372, 374-376; 651 NW2d 486 (2002). We, therefore, vacate the trial court's July 2, 2014 order and remand for dismissal of the petition for review.

We acknowledge petitioner's argument, in his reply to respondent's response to his application for leave to appeal, that his petition for review was timely filed under "the mailbox rule." The mailbox rule provides that a legal document filed by a pro per inmate of the Department of Corrections is deemed to be filed on the date that it is deposited in the outgoing mail at the correctional institution housing the inmate. See, e.g., MCR 7.204(A)(2)(e). Although there is a mailbox rule in MCR 7.204(A)(2)(e), MCR 7.205(A)(3), and MCR 7.302(C)(3), there

is currently no mailbox rule in chapter 7.100 of the court rules, which governs appeals to the circuit courts. There was a mailbox rule in MCR 7.105, see 485 Mich ccxcii-ccxciv, but this mailbox rule was deleted from the court rules when chapter 7.100 was rewritten in 2011, see 490 Mich clxii-ccxii. We can only reasonably surmise that our Supreme Court fully intended to withdraw the mailbox rule's application in circuit court appeals. We also note that the lower court record did not contain a sworn statement from petitioner setting forth the date of deposit that the petition was placed in the outgoing mail at petitioner's correctional institution, which is a mechanism to establish timely filing/deposit under the mailbox rule, had it applied. See MCR 7.204(A)(2)(e). In sum, there is no mailbox rule that applies to the petition for review, and we reject petitioner's claim that the mailbox rule made the filing of his petition for review timely.

Vacated and remanded for dismissal of petitioner's petition for review. We do not retain jurisdiction.

/s/ Donald S. Owens
/s/ William B. Murphy
/s/ Joel P. Hoekstra