2000 ND 7

**DEVELOPMENTAL CENTER, NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellant,**

v.

**CENTRAL PERSONNEL DIVISION, OFFICE OF MANAGEMENT AND BUDGET; and Jacqueline Pastorek, Appellees.**

No. 990221.

Supreme Court of North Dakota.

Jan. 19, 2000.

Tag C. Anderson, Assistant Attorney General, Attorney General's Office, Bismarck, N.D., for appellant.

William E. McKechnie, William E. McKechnie & Associates, P.C., Grand Forks, N.D., for appellees.

SANDSTROM, Justice.

[¶ 1] The Developmental Center of the North Dakota Department of Human Services ("the Center") appeals from a district court judgment affirming an administrative order overturning the Center's termination of Jacqueline Pastorek's employment. We conclude Pastorek's conduct constituted a serious offense, which is excluded from the mandatory progressive

discipline provisions of N.D. Admin. Code § 4–07–19–04, and we reverse the judgment.

## I

[¶ 2] Pastorek was employed as a direct training technician at the Center in Grafton, and also had a second job at a Grafton restaurant. Pastorek was scheduled to work at both jobs on February 18, 1997. Although she had learned of the scheduling conflict several days in advance, Pastorek claims she was unable to find anyone to cover her shift with either employer.

[¶ 3] Pastorek clocked in at the Center at 1:30 p.m. on February 18. She did not speak to or ask any supervisory employee for permission to leave, but informed a coworker she would be leaving to work her waitress job. At 4:30 p.m. Pastorek left the Center, without punching out on the time clock, and took one of the Center's developmentally disabled clients with her. Pastorek purchased a meal for the client and allowed the client to "bus" tables at the restaurant. The client's travel to and activities at the restaurant were not authorized or approved. Pastorek and the client remained at the restaurant for approximately five hours. Upon completion of Pastorek's waitress shift, she returned to the Center at 9:30 p.m., put the client to bed, and punched out on the Center's time clock at 10:00 p.m. She received pay from both the Center and the restaurant for the period she was at the restaurant.

[¶ 4] Pastorek's supervisor did not learn about the incident until March 20, 1997. The supervisor reported the incident as possible client mistreatment, and an internal investigation was initiated. The investigation team concluded client mistreatment in the form of exploitation and neglect had occurred, and a written report was filed. Pastorek was fired on April 17, 1997.

[¶ 5] Pastorek filed an internal grievance with the Department of Human Services, which upheld the dismissal. Pastorek then appealed her dismissal to the Central Personnel Division. Central Personnel requested appointment of an administrative law judge ("ALJ") from the Office of Administrative Hearings. An ALJ was assigned, and an evidentiary hearing was held on February 19, 1998. In a December 29, 1998, order, the ALJ concluded the Center did not have cause to dismiss Pastorek and had improperly failed to apply progressive discipline under N.D. Admin. Code § 4–07–19–04. The ALJ ordered Pastorek be reinstated with benefits and back pay.

[¶ 6] The Center appealed to the district court, which affirmed the ALJ's order by a judgment dated May 24, 1999. The Center appealed to this Court.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 28–32–19. The Center's appeal from the district court was timely under N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–32–21.[1]

## II

[¶ 8] An appeal from a dismissal of a classified state employee is governed by N.D.C.C. § 54–44.3–12.2. Under the statute, an employee may appeal the dismissal

---

1. The Center asserts Central Personnel and the ALJ did not have authority to consider Pastorek's appeal because she did not file a proper appeal form with Central Personnel within fifteen working days of receiving notice of the result of the internal grievance procedure, as required by N.D. Admin. Code § 4–07–20.1–08(1). The ALJ found the failure to file the appeal form within the fifteen days was caused by disruptions resulting from the 1997 Grand Forks flood, and concluded this constituted good cause excusing compliance with the administrative rule. The Center concedes there was good cause for the delay in filing the appeal form, but nevertheless asserts the time limits in the rule cannot be waived. Under the extraordinary facts of this case, involving an unprecedented natural disaster which disrupted an entire community for months, and because we conclude reversal is required on other issues, we find it unnecessary to decide this issue at this time.

to Central Personnel, which must request appointment of an ALJ. The ALJ is to "conduct the hearing and related proceedings, including receiving evidence and preparing findings of fact, conclusions of law, and issuing a final decision." N.D.C.C. § 54–44.3–12.2. The ALJ's decision is the final decision of Central Personnel. *North Dakota Department of Transportation v. Central Personnel Division,* 1999 ND 198, ¶ 9, 600 N.W.2d 861; N.D. Admin. Code § 4–07–20.1–08(6).

[¶ 9] Appeals to the district court from the ALJ's final decision, and further appeals to this Court, are governed by N.D.C.C. ch. 28–32. *See* N.D.C.C. § 54–44.3–12.2; *Department of Transportation,* 1999 ND 198, ¶ 9, 600 N.W.2d 861. Accordingly, our review is limited to whether the ALJ's findings are supported by a preponderance of the evidence, the conclusions of law are supported by the findings of fact, and the decision is in accordance with the law. *Department of Transportation,* at ¶ 10.

### III

[¶ 10] The ALJ concluded dismissal was inappropriate in this case because the Center had failed to apply progressive discipline under N.D. Admin. Code § 4–07–19–04, which provides:

> Use of progressive discipline. Progressive discipline must be used to correct a regular employee's job performance problems or for a violation of rules or standards, except when an infraction or a violation of a serious nature is committed including insubordination, theft, falsification of pay records, assaulting a supervisor or coworker, patient or client, and for which the imposition of less severe disciplinary action would be inappropriate.

Under the rule, use of progressive discipline is mandated unless the employee's misconduct falls within one of the "serious" violations enumerated in the rule. *Department of Transportation,* 1999 ND 198, ¶ 14, 600 N.W.2d 861.

[¶ 11] In this case, the facts are essentially undisputed. Pastorek left work for a period of five hours, without punching out on the Center's time clock, to perform work duties for another employer. She accepted pay from both employers for that period. She compounded her misconduct by taking a developmentally disabled client with her to the restaurant, without any supervisor's knowledge or permission, and allowing the client to perform unapproved work activities at the restaurant. A client mistreatment investigation team concluded Pastorek's conduct constituted client exploitation and neglect.

[¶ 12] Pastorek now makes the disingenuous argument she took the client with her for the client's benefit, and therefore claims she was performing services for the Center by looking after the client while at the restaurant. Pastorek's misconduct in leaving the Center to work her second job and claiming pay for both jobs is not ameliorated by her unauthorized "supervision" of the client at the restaurant. Rather, Pastorek's taking of the client, which was found by the client mistreatment investigation team to constitute exploitation and neglect, compounded Pastorek's misconduct. By leaving the Center without punching out to perform work duties for another employer, and accepting pay from both employers, Pastorek committed falsification of pay records under N.D. Admin. Code § 4–07–19–04. This is a serious infraction, excluded from the mandatory progressive discipline rule. *See Department of Transportation,* 1999 ND 198, ¶¶ 17–18, 600 N.W.2d 861.

[¶ 13] The ALJ concluded, although "Ms. Pastorek's actions certainly warrant discipline," the Center had "failed to establish cause to terminate Ms. Pastorek's employment." The ALJ reasoned "[t]he circumstances of this case do not show that Ms. Pastorek's actions disrupted agency operations or resulted in harm to clients."

[¶ 14] The ALJ has misconstrued "cause" under the employee discipline

rules. "Cause" is defined in N.D. Admin. Code § 4–07–19–02(1):

"Cause" means conduct related to a regular employee's job duties, job performance, or working relationships that is detrimental to the discipline and efficiency of the service in which the employee is or was engaged.

Under N.D. Admin. Code § 4–07–19–03, an employee "may be disciplined only for cause."

[¶ 15] We addressed an identical misreading of the employee discipline rules in *Department of Transportation*, 1999 ND 198, ¶¶ 21–22, 600 N.W.2d 861 (citations omitted):

A designated ALJ does have authority to determine whether an employee's dismissal was justified under the Administrative Code. However, here the ALJ improperly applied the Administrative Code's provisions regarding "cause." Specifically, she indicated no cause for termination existed under N.D. Admin. Code § 4–07–19–03. She stated "[p]ursuant to N.D. Admin. Code § 4–07–19–03, Mr. Schumacher's employment could only be terminated for cause." After referring to the definition of "cause" under N.D. Admin. Code § 4–07–19–02(1), she noted "[t]heft of state property is conduct which certainly can be detrimental to an employer's operations." The ALJ then indicated "[t]he circumstances do not show that Mr. Schumacher's actions disrupted agency operations" and "this one incident does not rise to the level of destroying Mr. Schumacher's integrity." Reasoning "the Department failed to establish cause for terminating [ ] Schumacher's employment," she concluded a less severe form of discipline than dismissal was necessary. Whether cause exists is a question of law fully reviewable by this Court. It is clear that the ALJ misinterpreted the question of cause by inserting a requirement that the employee's action disrupt an agen-

cy's operations. No such requirement exists.

Cause is required for any form of discipline, not just dismissal. If there were no cause under N.D. Admin. Code § 4–07–19–03, Schumacher should not have been disciplined in any way. However, the ALJ conceded Schumacher committed a theft and should be disciplined. Further, N.D. Admin. Code § 4–07–19–04 recognizes employee theft is detrimental to the employer's interest and indicates theft is a serious infraction for which dismissal is appropriate. Thus cause for discipline necessarily exists when an employee commits a theft.

[¶ 16] Under the rule, it is entirely inconsistent for an ALJ to conclude an employee's conduct "warrants discipline," but there is no "cause" under N.D. Admin. Code § 4–07–19–02(1). By definition, an employee may be disciplined only for "cause." N.D. Admin. Code § 4–07–19–03. The ALJ's conclusion there was no "cause" was an erroneous interpretation of law.

[¶ 17] The ALJ also indicated dismissal was not warranted because Pastorek was a long-term employee with an unblemished record, she "admitted the error of her actions," and she was "capable of reforming her unacceptable conduct." We rejected similar reasoning by the ALJ in *Department of Transportation*, 1999 ND 198, ¶¶ 24–26, 600 N.W.2d 861:

An employee's past performance is irrelevant in determining whether the employee committed a theft. Once it is determined an employee committed a theft, N.D. Admin. Code § 4–07–19–04 allows the employer to dismiss the employee. The employer, in its discretion, may choose to consider the employee's past performance in deciding whether to dismiss the employee. But having found that a theft occurred, an ALJ reviewing a termination decision has no authority to overrule an agency's determination to dismiss the employee.

In finding Schumacher committed a theft of department property and concluding the DOT could not dismiss Schumacher, the ALJ improperly interpreted the progressive discipline requirement of the Administrative Code. In reaching her conclusion, the ALJ reasoned progressive discipline requires a case-by-case analysis and thus all employees who commit a particular type of infraction should not be dealt "a preordained outcome." Then analyzing Schumacher's case, the ALJ determined dismissal of Schumacher was inappropriate. The ALJ emphasized Schumacher's good record, the minimal damage his act apparently cause the DOT, and his "amenab[ility] to remediation."

However, as noted N.D. Admin. Code § 4–07–19–04 allows an employer to dismiss an employee who commits a theft. Section 4–07–19–04, N.D. Admin. Code, does not require a case-by-case analysis in instances of theft; rather, the statute expressly provides progressive discipline is not required when a theft has occurred. The employer therefore does not have to "begin[ ] with a less severe appropriate action and progress[ ] to a more severe appropriate action, for repeated instances of poor job performance or for repeated violations of the same or similar rules or standards." N.D. Admin. Code § 4–07–19–02(4). The ALJ had no authority under the express provisions of the governing rule to impose progressive discipline or to order reinstatement.

[¶ 18] We reiterate our holding in *Department of Transportation:* when an employee has committed a "serious" violation under N.D. Admin. Code § 4–07–19–04, the employing agency may dismiss the employee. Although dismissal is not "preordained," it is within the discretion of the employing agency, not the ALJ, to determine whether dismissal or some lesser form of discipline is appropriate. When a "serious" violation occurs, the ALJ may not overturn dismissal and order reinstatement.

[¶ 19] We conclude the ALJ's findings of fact do not support her conclusions of law and her decision is not in accordance with the law. We therefore reverse the judgment and remand to the district court for entry of judgment reversing the ALJ's order.

[¶ 20] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.