2003 ND 196

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Appellee,**

v.

**Thomas P. RYAN, Appellant.**

No. 20030156.

Supreme Court of North Dakota.

Dec. 19, 2003.

Rehearing Denied Jan. 14, 2004.

Tag Christian Anderson, Assistant Attorney General, Bismarck, for appellee.

Mark G. Schneider (argued), Schneider, Schneider & Phillips, Fargo, and Christianne Yvette Runge (appeared), North Dakota Public Employees Association, Bismarck, for appellant.

MARING, Justice.

[¶ 1] Thomas P. Ryan appealed from a district court judgment reversing an administrative law judge's determination that she had jurisdiction to hear his appeals from two adverse employment decisions by the North Dakota Department of Human Services ("Department"). We hold the administrative law judge ("ALJ") had jurisdiction to hear Ryan's appeals, the district court had jurisdiction to hear Ryan's cross-appeal, and the ALJ's decision on the mer-

its of the Department's employment decisions was supported by the evidence. We affirm the ALJ's decision on the merits.

## I

[¶ 2] Ryan was employed by the Department as an addiction counselor at the Northwest Human Service Center in Williston when he was terminated under a reduction-in-force on December 1, 2000. The Department subsequently hired Ryan for an unclassified, temporary part-time position as a community home counselor on December 22, 2000. Within one year after Ryan was terminated under the reduction-in-force, the Department internally and externally advertised for vacancies at the Northwest Human Services Center for a "Mental Illness Case Manager II" and a "Human Relations Counselor." Ryan applied for both positions. The Department's human resource director determined Ryan met the "requirements" for both positions based upon "minimum qualifications as published in the job announcement." The Department then interviewed Ryan for both positions, but he was not hired for either job.

[¶ 3] Ryan filed grievances with the Department, claiming it was required to hire him for those positions under N.D. Admin. Code § 4–07–11–07, which provides:

An individual who has lost employment due to a reduction-in-force must be offered reemployment by the former employing agency if the following conditions are present:

1. A position vacancy occurs in the former employing agency, and the appointing authority decides to fill the vacancy by appointing someone other than a current employee.

2. The individual meets the minimum qualifications established for the particular position.

3. No more than one year has elapsed since the individual lost employment due to the reduction-in-force.

The Department denied Ryan's grievances, concluding (1) the reemployment mandates of N.D. Admin. Code § 4–07–11–07 did not apply to Ryan because he had accepted employment as a community home counselor, and (2) he did not meet the qualifications for either advertised position.

[¶ 4] Ryan appealed both determinations to the Central Personnel Division ("Division")[1] under N.D.C.C. § 54–44.3–12.2, which authorizes appeals by "nonprobationary employees in the classified service which are related to ... reduction in force." After a request by the Division, the Office of Administrative Hearings designated an ALJ to render a final decision on Ryan's appeals. The Department moved to dismiss his appeals, claiming the ALJ did not have jurisdiction under N.D. Admin.Code § 4–07–20.1–07, which provides that "[a] reduction-in-force appeal may be made only on the basis that the factors required by section 4–07–11–03 were not followed or that the reduction-in-force was conducted in a discriminatory manner that would violate the state's policy against discrimination" under N.D.C.C. § 14–02.4–01. The ALJ concluded she had jurisdiction to hear Ryan's appeals under N.D.C.C. § 54–44.3–12.2 and N.D. Admin. Code § 4–07–11–07. The statute, N.D.C.C. § 54–44.3–12.2, is broad in its language. It provides for appeals related to a reduction-in-force. The administrative rule sections pertaining to appeals for a reduction-in-force in N.D.

1. In 2003 N.D. Sess. Laws ch. 493, §§ 7 and 8, the Legislature amended N.D.C.C. §§ 54–43.3–01 and 54–43.3–02(4) to change the definition of "Division" from the "Central Personnel Division" to "North Dakota human resource management services."

Admin. Code §§ 4–07–20.1–07 and 4–07–11–03 provide that an appeal may be made only on the basis that certain factors were not followed [in implementing the reduction-in-force] or that the reduction-in-force was conducted in a discriminatory manner. The administrative rule which limits reduction-in-force appeals to a determination whether certain factors were followed in conducting the reduction-in-force attempts to constrict the scope of the statute. The statute is both mandatory and controlling, and must therefore be applied over the administrative rule.

The ALJ nevertheless concluded the Department did not violate N.D. Admin. Code § 4–07–11–07 by failing to hire Ryan for either advertised position, because the hiring authority determined he did not meet the minimum qualifications for either position.

[¶ 5] The Department appealed the jurisdictional issue to the district court, and Ryan cross-appealed the ALJ's decision on the merits. The court concluded the ALJ did not have jurisdiction to hear Ryan's appeals and remanded to the ALJ to dismiss his appeals. The court alternatively decided the ALJ was correct in upholding the Department's decision not to hire Ryan.

## II

[¶ 6] Under N.D.C.C. § 54–44.3–12.2, the Division "shall certify appeals from nonprobationary employees in the classified service which are related to discrimination, merit system qualification, reprisals, reduction in force, forced relocation, demotion with loss of pay, suspension without pay, and dismissal, and from applicants for positions in the classified service related to discrimination." The Division shall request the Director of the Office of Administrative Hearings to designate an ALJ to "conduct the hearing and related proceedings, including receiving evidence and preparing findings of fact, conclusions of law, and issuing a final decision." N.D.C.C. § 54–44.3–12.2.

[¶ 7] An appeal from the ALJ's final decision to the district court must be filed under N.D.C.C. ch. 28–32. N.D.C.C. § 54–44.3–12.2. Under N.D.C.C. § 28–32–46, the district court must affirm the ALJ's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

If the order of the agency is not affirmed by the court, it must be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the order of the court.

[¶ 8] Under N.D.C.C. § 28–32–49, this Court reviews a district court judgment under the standards provided by

N.D.C.C. § 28–32–46. In our review, we decide whether the ALJ's findings are supported by a preponderance of the evidence, the conclusions of law are supported by the findings of fact, and the decision is in accordance with the law. *Developmental Ctr. v. Central Pers. Div.*, 2000 ND 7, ¶ 9, 604 N.W.2d 230. In reviewing an ALJ's findings, we do not make independent findings of fact or substitute our judgment for that of the ALJ; rather, we determine whether a reasoning mind could have reasonably determined the factual conclusions were supported by the weight of the evidence. *North Dakota Dep't. of Transp. v. Central Pers. Div.*, 1999 ND 198, ¶ 10, 600 N.W.2d 861.

### III

■ [¶ 9] We initially consider whether the ALJ had jurisdiction to hear Ryan's appeal. The Department argues the ALJ did not have jurisdiction to hear Ryan's appeals under N.D. Admin. Code § 4–07–20.1–07, which, as relevant to this case, provides that a reduction-in-force appeal may be made only on the basis that the comparative criteria in N.D. Admin. Code § 4–07–11–03 were not followed. Ryan argues the ALJ properly construed the limitations on reduction-in-force appeals in N.D. Admin. Code § 4–07–20.1–07 to harmonize it with N.D.C.C. § 54–43.3–12.2, which authorizes the Division to "certify appeals from nonprobationary employees in the classified service which are related to ... reduction in force." He argues N.D. Admin. Code § 4–07–20.1–07 purports to restrict the scope of N.D.C.C. § 54–43.3–12.2, and an administrative regulation may not exceed an agency's authority under its enabling statute.

■ [¶ 10] Properly promulgated administrative rules have the force and effect of law. N.D.C.C. § 28–32–06. However, an administrative regulation is void if it exceeds an agency's statutory authority or conflicts with the statute it implements. *State ex rel. Clayburgh v. American West Cmty. Promotions, Inc.*, 2002 ND 98, ¶ 13, 645 N.W.2d 196. In *Moore v. North Dakota Workmen's Comp. Bureau*, 374 N.W.2d 71, 74 (N.D.1985) (quoting *Medical Props., Inc. v. North Dakota Bd. of Pharmacy*, 80 N.W.2d 87, 90 (N.D.1956)), we explained:

> " 'Since the power to make regulations is administrative in nature, legislation may not be enacted under the guise of its exercise by issuing a "regulation" which is out of harmony with, or which alters, extends, or limits, the statute being administered, or which is inconsistent with the expression of the lawmakers' intent in other statutes. The administrative officer's power must be exercised within the framework of the provision bestowing regulatory powers on him and the policy of the statute which he administers. He cannot initiate policy in the true sense, but must fundamentally pursue a policy predetermined by the same power from which he derives his authority.' "

■ [¶ 11] We construe administrative regulations, which are derivatives of statutes, under well-established principles for statutory construction. *Gofor Oil, Inc. v. State*, 427 N.W.2d 104, 108 (N.D.1988); *see Heartview Found. v. Glaser*, 361 N.W.2d 232, 235 (N.D.1985). A cardinal rule of statutory construction requires interpretation of related provisions together, if possible, to harmonize and to give meaning to each provision. *E.g., State ex rel. Heitkamp v. Family Life Servs., Inc.*, 2000 ND 166, ¶ 8, 616 N.W.2d 826. We also construe statutes conferring the right to appeal liberally. *Gross v. North Dakota Dep't of Human Servs.*, 2002 ND 161, ¶ 8, 652 N.W.2d 354.

[¶ 12] As relevant to this case, N.D.C.C. ch. 54–44.3 created the Division to establish a unified system of personnel administration for "the classified service of the state based upon merit principles and scientific methods, governing the position classification, pay administration, and transfer of its employees." N.D.C.C. § 54–44.3–01. Under N.D.C.C. § 54–44.3–12 the Division director shall establish general policies, rules, and regulations, subject to the approval of the State Personnel Board, which are binding on affected agencies and apply to employees in the classified service, including regulations for consistent application of personnel policies and uniformity in matters relating to separations.

[¶ 13] Under that authority, administrative regulations have been promulgated in N.D. Admin. Code ch. 4–07. As relevant to this case, N.D. Admin. Code ch. 4–07–20.1 applies to "regular employees" and appeals of "employer actions." A "regular employee" means "a person who has completed the probationary period and who is or was in a position classified by the Central Personnel Division at the time the employer action occurred," and an "employer action" means "an action taken by an appointing authority that affects a regular employee through a demotion, dismissal, suspension without pay, forced relocation, reduction-in-force, or reprisal." N.D. Admin. Code §§ 4–07–20.1–02(1) and (4). Under N.D. Admin. Code ch. 40–07–20.1, a regular employee may file a grievance under the appropriate agency's grievance procedure, and if the regular employee is dissatisfied with the result in the grievance procedure, the employee may appeal. *See* N.D. Admin. Code §§ 4–07–20.1–03 through 4–07–20.1–06. However, N.D. Admin. Code § 4–07–20.1–07 provides an appeal of a reduction-in-force may be made only on the basis that the factors required by N.D. Admin.

Code § 4–07–11–03 were not followed, or that the reduction-in-force was conducted in a discriminatory manner in violation of N.D.C.C. § 14–02.4–01.

[¶ 14] Chapter 4–07–11, N.D. Admin. Code, deals with reduction-in-force, which is defined as an employee's loss of employment from a reduction in funding, lack of work, curtailment of work, or reorganization. N.D. Admin. Code § 4–07–11–02. Under N.D. Admin. Code § 4–07–11–03, an appointing authority may, after appropriate notice, terminate an employee under a reduction-in-force, but prior to initiating a reduction-in-force, the appointing authority shall conduct a written analysis of the affected employees to rank those employees under four designated criteria. Additionally, N.D. Admin. Code § 4–07–11–07 provides that an individual who has lost employment due to a reduction-in-force must be offered reemployment by the former employing agency if (1) a vacancy occurs in the former employing agency which is to be filled by someone other than a current employee, (2) the individual meets the minimum qualifications established for the position, and (3) no more than one year has elapsed since the individual lost employment due to the reduction-in-force.

[¶ 15] Section 54–44.3–12.2, N.D.C.C., provides, in relevant part, the "division shall certify appeals from nonprobationary employees in the classified service *which are related to . . . reduction in force.*" (Emphasis added.) Under N.D. Admin. Code § 4–07–20.1–08(4), an ALJ is authorized to consider whether the Division has jurisdiction over the subject matter of a regular employee's appeal. Ryan's appeal involves a claim the Department failed to reemploy him within one year of a termination for a reduction-in-force under the language of N.D. Admin. Code § 4–07–11–07. Although the Department claims

Ryan was not a "nonprobationary employee in the classified service" within the meaning of N.D.C.C. § 54–43.3–12.2 when it decided not to reemploy him, he was a "nonprobationary employee in the classified service" when he lost his job due to a reduction-in-force. Under the appeal provisions of N.D. Admin. Code ch. 4–07–20.1, a "regular employee" is a "person who has completed the probationary period and *who is or was in a position classified by the central personnel division at the time the employer action occurred.*" N.D. Admin. Code § 4–07–20.1–02(4) (emphasis added). Ryan was in a classified position at the time of the reduction-in-force, and he was a "regular employee" in relation to the reduction-in-force.

■ [¶ 16] The language of N.D. Admin. Code § 4–07–20.1–07 purports to limit reduction-in-force appeals to only whether the factors in N.D. Admin. Code § 4–07–11–03 were followed, but the language of N.D. Admin. Code § 4–07–11–07 says an "individual" who has lost employment due to a reduction-in-force "must be offered reemployment" if certain conditions are met, including "[n]o more than one year has elapsed since the individual lost employment due to the reduction-in-force." Although the Department claims the language of N.D. Admin. Code § 4–07–11–07 is directory, whether an obligation is mandatory or directory is a question of intent. *See Homer Township v. Zimney,* 490 N.W.2d 256, 259 (N.D.1992). In *Zimney,* at 259, we said the word "shall" ordinarily creates a mandatory duty. Here, the operative language says the individual "must be offered reemployment" if certain conditions are satisfied. We conclude that language is indicative of an intent to create a mandatory obligation, if the conditions in that regulation are met.

■ [¶ 17] We construe related provisions together to give meaning to each

provision, if possible. *Heitkamp,* 2000 ND 166, ¶ 8, 616 N.W.2d 826. We construe the related administrative regulations in conjunction with the language authorizing appeals for matters "related . . . to reduction in force" to harmonize and give meaning to each provision, if possible. Construing the appeal provisions of N.D. Admin. Code ch. 4–07–20.1 to preclude Ryan's appeals would render meaningless the provision that an individual whose position has been terminated through a reduction-in-force must be offered reemployment if the conditions in N.D. Admin. Code § 4–07–11–07 are met and would ignore Ryan's statutory right to appeal matters "related to . . . reduction in force" under N.D.C.C. § 54–44.3–12.2, which we construe liberally. *See Gross,* 2002 ND 161, ¶ 8, 652 N.W.2d 354. We hold the ALJ had jurisdiction to hear Ryan's appeals, and we reverse the district court's contrary decision.

## IV

### A

■ [¶ 18] The Department argues Ryan did not properly perfect his cross-appeal to the district court because he did not serve a copy of the notice of cross-appeal on the Division or the ALJ. The Department argues the district court lacked jurisdiction to entertain Ryan's cross-appeal on the merits of the ALJ's decision, and he is precluded from appealing those issues to this Court. Ryan argues neither the Division nor the Office of Administrative Hearings may be named as a party to the appeal, and no possible jurisdictional purpose would be met by serving a notice of appeal upon either entity.

[¶ 19] Here, the record reflects the Department timely served Ryan's counsel and the Division with the Department's

notice of appeal regarding the ALJ's assertion of jurisdiction. The record reflects Ryan timely served the Department and the assistant attorney general representing the Department with a notice of cross-appeal of the merits of the ALJ's decision; however, Ryan's proof of service does not reflect he served the Division or the ALJ with a notice of cross-appeal.

[¶ 20] For a court to obtain subject matter jurisdiction over an appeal, the appellant must meet the statutory requirements for perfecting the appeal. *MacDonald v. North Dakota Comm'n on Med. Competency*, 492 N.W.2d 94, 96 (N.D.1992). Under N.D.C.C. § 28–32–42(4), a notice of appeal shall be served upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and upon all the parties to the proceeding before the administrative agency and by filing the notice of appeal with proof of service with the district court. Ordinarily, the adjudicative agency must be a named party to an appeal and must be served with a notice of appeal. *See MacDonald*, at 96–97. However, in the context of the central personnel system, N.D.C.C. § 54–44.3–12.2 provides that an appeal to the district court from the determination of an ALJ must be filed according to N.D.C.C. ch. 28–32, "but neither the division nor the office of administrative hearings may be named as a party to the appeal under chapter 28–32 unless an employee of one of those two agencies is involved in the grievance." The quoted language was adopted in 1999 N.D. Sess. Laws ch. 472, § 2, after *MacDonald* was decided to recognize "only the employee and the state agency taking the disciplinary action against the employee are true parties in interest in any state agency employee discipline grievance matter," and the role of the Division and Office of Administrative Hearings is "ministeri-

al." *Hearing on H.B. 1171 Before Senate Government and Veteran Affairs Committee*, 56th N.D. Legis. Sess. (March 19, 1999) (testimony of Allen C. Hoberg, Director of Office of Administrative Hearings).

[¶ 21] Under N.D.C.C. § 54–44.3–12.2, the Division and the ALJ are not parties to the appeal, and the Department is the "administrative agency concerned" in the sense that it is the state agency taking the disciplinary action against the employee. We conclude Ryan's failure to serve notice of his cross-appeal upon the Division or the ALJ did not deprive the district court of jurisdiction over his cross-appeal.

### B

[¶ 22] Ryan argues, as an individual who had been terminated under a reduction-in-force, he "must be offered reemployment" at either advertised job because it was uncontested he met the "minimum qualifications established for the particular position[s]." Ryan argues the minimum qualifications that were stated on the job announcements were the established minimum qualifications for both positions within the meaning of N.D. Admin. Code § 4–07–11–07(2). He argues "[t]he plain meaning of the phrase 'minimum qualifications established' is that there are quantified and known criteria in place prior to the time the RIF'd employee seeks reemployment in a different job." The ALJ concluded Ryan "met the initial minimum qualifications that were stated on the job announcements" for both positions, but "the interviews conducted for those positions revealed that he did not possess the required knowledge and skills necessary to perform [either job] ... and thus, he lacked the minimum qualifications for those positions." Ryan argues the ALJ's conclusion renders N.D. Admin.

Code § 4–07–11–07 meaningless and absurd.

[¶ 23] Section 4–07–05–03, N.D. Admin. Code, describes "minimum qualifications" and provides an

> appointing authority may employ, promote, reinstate, or transfer a person into or to a position in the classified service provided that person possesses qualifications that at least meet the minimum qualifications for that class as they are stated in the class specifications and successfully completes any examination requirement specified by the appointing authority.

Under N.D. Admin. Code § 4–07–25–02, "examinations" may include one or a combination of (1) a rating of training and experience, (2) a written examination, (3) a performance examination, (4) a pass or fail review, (5) a scored oral interview, or (6) another appropriate job screening technique.

[¶ 24] Those regulations contemplate a hiring authority's decision to "employ, promote, reinstate or transfer" a person may require successful completion of any "examination requirement" in addition to the minimum qualifications stated in class specifications. Here, the Department's human resource director conducted a paper review of Ryan's credentials and initially decided he met the "requirements" for both positions "based upon minimum qualifications as published in the job announcement." However, we decline to equate that initial paper screening with a requirement that the individual must be offered reemployment for either position. We construe N.D. Admin. Code §§ 4–07–05–03 and 4–07–25–02 together as part of the procedure for determining minimum qualifications for hiring an individual, including an individual who has been terminated within the previous year through a reduction-in-force. Those provisions, construed together, authorized the Department to rely upon interviews to determine minimum qualifications for either position. *See Dyer v. North Dakota Dep't of Human Servs.*, 498 N.W.2d 160, 165 (N.D.1993) (stating "nothing in the veterans' preference law precludes a merit system agency from personally interviewing applicants on a 'certified list of eligible persons' in order to determine and, if necessary, document 'justifiable cause.'"). We conclude the administrative regulations, construed together, do not preclude the Department from relying on interviews to determine minimum qualifications under N.D. Admin. Code § 4–07–11–07.

[¶ 25] Here, there was evidence Ryan interviewed for both positions, with predetermined questions and scored responses to the questions. There was evidence Ryan's responses indicated he lacked required computer skills to perform data collection and data analysis necessary for the mental illness case manager position. There was also evidence Ryan lacked necessary computer skills and working knowledge of psychiatric illnesses for the human relations counselor position. There was evidence the interviewers concluded Ryan did not meet the minimum qualifications necessary for either job. The ALJ decided the Department's decisions not to hire Ryan were supported by the evidence. Under our deferential standard of review, we conclude a reasoning mind could have reasonably determined the ALJ's factual conclusions are supported by the weight of the evidence. We conclude the ALJ's findings are supported by a preponderance of the evidence, the conclusions of law are supported by the findings of fact, and the decision is in accordance with the law. We therefore affirm the district court's ultimate determination to affirm the ALJ's decision on the merits.

## V

[¶ 26] Ryan argues he is entitled to attorney's fees and costs under N.D.C.C. § 28–32–50. Because of our resolution of the issues raised in this appeal, we reject Ryan's claim for attorney's fees.

## VI

[¶ 27] We reverse that part of the district court's judgment holding the ALJ did not have jurisdiction to hear Ryan's appeals, and we affirm that part of the district court's judgment affirming the ALJ's decision on the merits.

[¶ 28] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.